**HASBANI & LIGHT, P.C.**
Danielle Light, Esq.
*Counsel for Plaintiff*
450 Seventh Ave, Suite 1408
Telephone: (212) 643-6677
dlight@hasbanilight.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BLUE CASTLE (CAYMAN) LTD.,

                Plaintiff,                **VERIFIED COMPLAINT**

    -against-

JORGE EFRAIN ASTUDILLO, HOME HEATING OIL CORP., NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE, CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD,

JOHN DOE and JANE DOE, the last two names being fictitious, it being intended to name all other parties who may have some interest in or lien upon the premises described in the complaint,

                Defendant(s).
------------------------------------------------------------------X



Plaintiff, Blue Castle (Cayman) Ltd. (hereinafter "Plaintiff"), by and through its attorneys, Hasbani & Light PC as and for its Verified Complaint of foreclosure of the premises and mortgage against Jorge Efrain Astudillo ("Borrower"), respectfully alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 105-18 77th Street Ozone Park, NY 11417 known on the Queens County Tax

Map as Block 9124 Lots 93 and (the "Subject Property"). The Legal Description of the property is annexed hereto as **Exhibit "A"**.

## PARTIES

2. Blue Castle (Cayman) Ltd., is a corporation organized under the laws of the Cayman Islands with a principal place of business in Miami, Florida.

3. Borrower, upon information and belief, is a resident and citizen of the State of New York, having an address at 105-18 77th Street Ozone Park, NY 11417. Borrower is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

4. Home Heating Oil Corp. is a corporation organized under the laws of New York with a principal place of business in Kings County, New York. Home Heating Oil Corp. is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgment docketed against the Borrower and/or Property which is subordinate to Plaintiff's Mortgage. See **Exhibit "E"**.

5. New York State Department of Taxation and Finance is a judgment creditor. New York State Department of Taxation and Finance is a citizen of New York. New York State Department of Taxation and Finance is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgment docketed against the Borrower and/or Property which is subordinate to Plaintiff's Mortgage. See **Exhibit "E"**.

6. City of New York Environmental Control Board is a judgment creditor. New York City Environmental Control Board is a citizen of New York. New York City Environmental Control Board is a necessary party defendant in this action because it is a judgment creditor by

virtue of the judgment docketed against the Borrower and/or Property which is subordinate to Plaintiff's Mortgage. See **Exhibit "E"**.

7. The Defendants' "John Doe" and "Jane Doe" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. See NYRPAPL §§ 1311, 1312 and 1313.

8. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, or is adverse to, the lien of said Mortgage.

## JURISDICTION AND VENUE

9. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

10. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR PLAINITFF'S CAUSE OF ACTION

11. This action is brought to foreclose a mortgage made by Borrower set out as follows: Mortgage dated April 16, 2007 made by Borrower to Fairmont Funding, Ltd. to secure the sum of $450,000.00 plus interest, recorded on April 30, 2007 in City Register File Number: 2007000223655 in the Nassau County Clerk's Office. Said lien covers premises known as 105-18 77th Street Ozone Park, NY 11417 ("Property"). A copy of the Mortgage is annexed as **Exhibit "B"**.

12. On April 16, 2007, Borrower executed and delivered a note to Fairmont Funding Ltd. in the amount of $450,000.00 ("Note"). A copy of the Note with Allonges is annexed as **Exhibit "C"**.

13. On March 7, 2017, the Borrower executed and delivered a Loan Modification Agreement ("Loan Modification Agreement") wherein he reaffirmed his debt and, among other things, the unpaid principal balance due on the subject loan changed to $787,226.90. The Loan Modification Agreement is annexed hereto as **Exhibit "D"**.

14. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

15. Plaintiff is in physical possession of and is the owner and holder of said original Note and Mortgage.

16. Borrower has failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage by failing to make payments that became due on October 1, 2021, and the payments that became due thereafter.

17. Plaintiff has complied with the contractual provisions in the loan documents in that the Default Notice to cure was issued on February 17, 2023 to Borrower (the "Default Notice") advising of his default under the Note and Mortgage, and that if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL §1304(1) was issued on February 17, 2023, to Borrower. Plaintiff complied with the registration requirements of RPAPL §1306(1).

18. Pursuant to RPAPL Section 1302 as amended, the plaintiff complied with all the provisions of § 595a and § 6-1 of the Banking Law and RPAPL §§ 1304 and 1306, except where it is exempt from doing so.

19. Plaintiff is in compliance with Section Nine-X of the New York State banking law, if applicable.

20. As of the date herein, Borrower has failed to respond to the Default Notices.

21. Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.

22. Due to the above-described default, Borrower is indebted to Plaintiff pursuant to the terms of the Note, Mortgage, and Loan Modification for:

   a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of February 9, 2023, amounts to $859,964.22;

   b. Attorney's fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

   c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note, Mortgage and Loan Modification are paid in full.

23. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

   a. Any state of facts that an inspection of the premises would disclose.

   b. Any state of facts that an accurate survey of the premises would show.

   c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d.  Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e.  Any right of tenants or person in possession of the subject premises.

    f.  Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g.  Prior lien(s) of record, if any.

24.    In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

25.    Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

26.    No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right,

title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereintofore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendant JORGE EFRAIN ASTUDILLO may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the

premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: May 23, 2023
      New York, New York

                             Yours, etc.

                             By:   */s/ Danielle Light*
                                    Danielle Light, Esq.

## **VERIFICATION BY ATTORNEY**

**Danielle Light**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: May 23, 2023
     New York, New York

                        Yours, etc.

                        By:    */s/ Danielle Light*
                               Danielle Light, Esq.