UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
BLUE CASTLE (CAYMAN) LTD.,                    :
                                              :
                    Plaintiff,                :
                                              :                REPORT AND
        -against-                             :                RECOMMENDATION
                                              :
JORGE EFRAIN ASTUDILLO, HOME                  :                23-CV-3851 (LDH)(PK)
HEATING OIL CORP., NEW YORK STATE             :
DEPARTMENT OF TAXATION AND                    :
FINANCE, CITY OF NEW YORK                     :
ENVIRONMENTAL CONTROL BOARD,                  :
MICHELLE CARDOVA, JULIO ASTUDILLO,            :
and SARNELL CORDOVA,                          :
                                              :
                    Defendants.               :
-------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Blue Castle (Cayman) Ltd. ("Plaintiff") brought this foreclosure action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), Section 1301 *et seq.*, against Jorge Efrain Astudillo ("Borrower"), Home Heating Oil Corp., New York State Department of Taxation and Finance ("NYDTF"), City of New York Environmental Control Board ("ECB"), Julio Astudillo, Michelle Cardova, and Sarnell Cordova (collectively, "Defendants"), seeking to foreclose on real property located at 105-18 77th Street, Ozone Park, New York, 11417 (the "Property"). (*See* Amended Complaint ("Am. Compl.") ¶¶ 11, 15, Dkt. 19.) Plaintiff now moves for default judgment against all Defendants. ("Motion," Dkt. 35.)

The Honorable LeShann DeArcy Hall referred the Motion to me for a report and recommendation. For the reasons stated herein, I respectfully recommend that the Motion be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.      Factual Background**

The following facts are taken from the Amended Complaint, Plaintiff's Memorandum of Law

1

in Support of the Motion ("Pl. Mem.," Dkt. 37), the Declaration of Regularity by Mojdeh Malekan, Esq. in Support of the Motion ("Malekan Decl.," Dkt. 35-1), and the Declaration of John Ramer in Support of the Motion ("Ramer Decl.," Dkt. 38). These facts are accepted as true for purposes of the Motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor).

### A. *Parties*

#### 1. Plaintiff

Plaintiff Blue Castle (Cayman) Ltd. is a corporation organized under the laws of the Cayman Islands with a principal place of business in Miami, Florida. (Am. Compl. ¶ 2.) Plaintiff is the holder of a mortgage and note evidencing a loan agreement (the "Loan") originally negotiated between Fairmont Funding, Ltd. as lender and Jorge Efrain Astudillo as Borrower. (*Id.* ¶¶ 11–12.) The Loan was assigned to Plaintiff prior to the commencement of this foreclosure action. (Ramer Decl. ¶¶ 6–11.)

#### 2. Defendants

Defendant Jorge Efrain Astudillo is a resident and citizen of the State of New York. (Am. Compl. ¶ 3.)

Defendants Home Heating Oil Corp., New York State Department of Taxation and Finance, and City of New York Environmental Control Board are allegedly necessary party defendants in this action because they are judgment creditors by virtue of judgments docketed against the Borrower subordinate to the Loan. (*Id.* ¶¶ 4–6; Ex. E to Am. Compl. ("Docket and Lien Trace"), Dkt. 19-5.)

Defendants Michelle Cardova, Julio Astudillo, and Saranell Cordova (the "Tenant Defendants") are alleged to be possible tenants of the Property and, therefore, potentially having or claiming an interest in or lien upon the Property. (Am. Compl. ¶¶ 7–8.)

### B. Allegations

The Loan was made on April 16, 2007 to Borrower in the original principal amount of $450,000.00 plus interest. (*See* Ex. B to Am. Compl. ("Mortgage"), Dkt. 19-2; Ex. C to Am. Compl., ("Note"), Dkt. 19-3.) The Mortgage and Note are secured by the Property.

On March 7, 2017, Borrower executed a Loan Modification Agreement. (*See* Ex. D to Am. Compl. ("Loan Modification Agreement" and, together with the Mortgage and Note, the "Loan Documents"), Dkt. 19-4.) The Loan Modification Agreement stated that, as of January 1, 2017, Borrower's outstanding debt under the Loan Documents was $787,226.90 ("New Principal Balance"). (*Id.* ¶ 1.) Of the New Principal Balance, $217,226.90 was deferred ("Deferred Principal Balance"), and "Borrower will not pay interest or make monthly payments on this amount." (*Id.* ¶ 3.) The remainder of the New Principal Balance ("Interest-Bearing Principal Balance") was, thus, $570,000.00. (*Id.*) Interest on the Interest-Bearing Principal Balance was to accrue at 3.430% annually from January 1, 2017 to December 31, 2019 and at 5.430% from January 1, 2020 onwards. (*Id.*)

Borrower failed to make payments that became due on October 1, 2021 and thereafter. (Am. Compl. ¶ 16.) On February 17, 2023, Plaintiff sent a Default Notice to Borrower advising him of his default and warning him that if arrears were not cured, Plaintiff may declare the outstanding principal balance due under the Loan Documents together with interest immediately due and payable. (*Id.* ¶ 17.) Plaintiff issued the 90-day notice required under RPAPL Section 1304(1) and completed the required filings pursuant to RPAPL Section 1306(1). (*Id.*; Dkts. 35-6; 35-7.) Borrower failed to respond to the Default Notice and remains in default. (Am. Compl. ¶ 20.)

The Loan Documents provide that if Borrower fails to comply with his payment obligations under the Loan, Plaintiff has the right to foreclose its security interest in the property and recover payment of any outstanding debt owed. (Mortgage ¶¶ 1, 9, 22; Note ¶¶ 1, 6, 10; Loan Modification

3

Agreement ¶ 4.) Plaintiff alleges that the full amount due and owing as of June 6, 2024 is $907,995.13, inclusive of costs and fees. (Dkt. 37-1.)

## II. Procedural Background

Plaintiff brought this foreclosure action on May 24, 2023. (Dkt. 1.) Defendants were each served with a summons. (Dkts. 7–14.) No Defendant appeared in the action. On July 26, 2023, Plaintiff filed a motion seeking to amend the caption of the original complaint to name the Tenant Defendants in the action in lieu of any "John Doe" defendants, which the Court granted. (August 23, 2023 Order.) Plaintiff then served the Amended Complaint and an amended summons on all Defendants. (*See* Dkts. 23–32.) No Defendant appeared in the action in response to the Amended Complaint.

Plaintiff moved for entry of default against all Defendants (Dkt. 33), and on November 27, 2023, the Clerk of Court entered certificates of default against all Defendants (Dkt. 34). The Motion followed.

## DISCUSSION

## I. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for entry of a default judgment. First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). The plaintiff may then move the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). The court "may first assure itself that it has personal jurisdiction over the defendant." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (citation omitted). The plaintiff must demonstrate proper service of the summons and complaint under Fed. R. Civ. P. 4. *See Advanced Capital Commercial Grp., Inc. v. Suarez*, No. 09-CV-

4

5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013). The plaintiff must also establish compliance with the procedural requirements of Local Civ. Rules 7.1 and 55.2.

The court must also determine whether the plaintiff's "allegations establish [the defendant's] liability as a matter of law." *Finkel*, 577 F.3d at 84. "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability . . . ." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Although a court accepts a plaintiff's "factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor," *Finkel*, 577 F.3d at 84, a default is "not considered an admission of damages." *Greyhound*, 973 F.2d at 158. "The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-06476 (ARR)(PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *R&R adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020). District courts may also, in their discretion, hold a hearing to assess the amount of damages that should be awarded on a default. *See* Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

A.  *Jurisdiction*

1.  **Diversity Jurisdiction**

The Court has diversity jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332. This action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff is a citizen of Florida, and Defendants are citizens of New York. (Am. Compl. ¶¶ 2–7.) Plaintiff seeks to recover $907,995.13 as of June 6, 2024. (Ramer Decl. ¶ 17.)

2.  **Personal Jurisdiction**

For this Court to exercise personal jurisdiction over a defendant, there must be jurisdiction under New York law, service must have been procedurally proper, and the exercise of personal jurisdiction must comport with constitutional due process. *See Francis v. Ideal Masonry, Inc.*, No. 16-

5

CV-2839 (NGG)(PK), 2018 WL 4292171, at *2 (E.D.N.Y. Aug. 3, 2018), *R&R adopted*, 2018 WL 4288625 (E.D.N.Y. Nov. 29, 2018). New York has general jurisdiction over corporations formed under its laws and operating within the state. *Id.* at *3.

The Court has general jurisdiction over Home Heating Oil Corp. because it is a New York corporation "doing business" in New York and was properly served with the Summons and Amended Complaint. *Id.*; N.Y.C.P.L.R. 301.

The Court also has general jurisdiction over the NYDTF, which is subject to the jurisdiction of New York state courts, as the NYDTF was properly served with the Summons and Amended Complaint. Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").

The ECB is named as a defendant in this action. To the extent the ECB is a New York City agency, it is not a suable entity. *See* N.Y.C. Charter § 396 ("All actions . . . shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Windward Bora LLC v. Thomas*, No. 20-CV-5320 (DG)(MMH), 2022 WL 14731628, at *4 (E.D.N.Y. Sept. 30, 2022). Nevertheless, "when claims are brought against non-suable entities, the court may construe them as brought against the City of New York." *Id.* (citation omitted). Thus, Plaintiff's claims against the ECB are construed as against the City of New York. The City of New York is subject to New York jurisdiction, and the ECB was properly served with the Summons and Amended Complaint, so the Court has personal jurisdiction over it.

This Court also has personal jurisdiction over the Tenant Defendants because they are residents of New York and were properly served with the Summons and Amended Complaint. N.Y.C.P.L.R. 301.

### B. *Procedural Compliance with Local Civil Rules 7.1 and 55.2*

Plaintiff filed the following in support of the Motion: a notice of motion (Dkt. 35); a memorandum of law in support of the Motion (Dkt. 37); a copy of the certificates of default against the Defaulting Defendants (Dkt. 35-8); a copy of the Amended Complaint (Dkt. 35-3); and a proposed default judgment order (Dkt. 35-13). Plaintiff has also affirmed that the individual defendants, *i.e.*, Borrower and the Tenant Defendants, are not infants, in the military, or incompetent persons. (Malekan Decl. ¶ 11; *see also* Dkt. 35-11.) Thus, compliance with the Local Civil Rules is satisfied.

### C. *Standing*

Plaintiff, although not an original party to the Loan, has standing to bring this foreclosure action. "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action . . . [if] it was either the holder or assignee of the underlying note" when the action was commenced. *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). Fairmont Funding, Ltd. was the original lender to Jorge Efrain Astudillo as Borrower. (Mortgage Section D; Note ¶ 1; Malekan Decl. ¶ 2.) The Mortgage and Note were assigned to Plaintiff on January 9, 2023 and recorded with the City Register of New York on March 17, 2023, prior to the commencement of the action on May 24, 2023. (Malekan Decl. ¶ 2.) Accordingly, Plaintiff's standing is established.

### D. *Liability*

#### 1. **Defendant Jorge Efrain Astudillo**

Under New York law, Plaintiff is entitled to foreclosure if it alleges "the existence of an obligation secured by a mortgage, and a default on that obligation." *OneWest Bank, N.A. v. Denham*, No. CV 14-5529 (DRH)(AKT), 2015 WL 5562980, at *5 (E.D.N.Y. Aug. 31, 2015), *R&R adopted*, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (citation omitted). "If these elements are established, the mortgagee has a presumptive right to collect [unpaid debts], which can only be overcome by an

7

affirmative showing by the defendant." *Id.* (citation omitted).

Plaintiff alleges Borrower defaulted under the terms of the Loan Documents by failing to make payments that became due on October 1, 2021 and thereafter. (Am. Compl. ¶ 16; Malekan Decl. ¶ 2.) The Loan Documents provide that, if Borrower fails to timely make payments, Plaintiff has the right to institute a proceeding for foreclosure and collect the debts owed to it by Borrower. (Mortgage ¶¶ 1, 9, 22; Note ¶¶ 1, 6, 10; Loan Modification Agreement ¶ 4.)

Further, under RPAPL § 1371(1), Plaintiff is entitled to move the Court to enter final judgment against the Borrower or any other liable party for any residue of debt under the Loan Documents that remains unsatisfied following the foreclosure sale of the Property.

Accordingly, I find that liability against Borrower is established and recommend that a default judgment be entered against him awarding payment of the balance due under the Loan Documents and ordering foreclosure of the Property. (*See* Ramer Decl. ¶ 17.)

### 2. Defendants Home Heating Oil Corp., NYDTF, and ECB

RPAPL § 1311(3) provides that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." "This rule 'derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *NC Venture I, L.P. v. Complete Analysis, Inc.*, 803 N.Y.S.2d 95, 97–98 (2d Dep't 2005)).

Courts regularly enter default judgments in foreclosure actions against defendants with "nominal interests" in the relevant property, including parties holding subordinate liens or non-owner tenants. *E. Savs. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS)(SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) (collecting cases), *R&R adopted sub nom. E. Savs. Bank, v. Robinson*, No. 13-CV-

8

7308(ADS)(SIL), 2016 WL 3102021 (E.D.N.Y. June 2, 2016). When a default judgment is entered against such a defendant, the nominal interest in the property is terminated. *Windward Bora LLC*, 2022 WL 14731628, at *8.

Here, Plaintiff alleges that Defendants Home Heating Oil Corp., NYDTF, and ECB may all hold subordinate liens in the Property by virtue of judgments docketed against either Borrower or the Property. (Am. Compl. ¶ 4–6.) Plaintiff alleges these judgments are "subordinate to Plaintiff's Mortgage" (*id.*), and that if these defendants "ha[ve] or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof" then such "interest or lien, if any, has accrued subsequent to, or is adverse to, the lien of said Mortgage." (Am. Compl. ¶ 8.) These pleadings are sufficient to establish nominal liability. *See Christiana Bank & Trust Co. v. Dalton*, No. 06-CV-3206 (JS)(ETB), 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009) (granting default judgment against defendants where complaint alleged that any judgments defendants "may have against [borrowers], if liens on the mortgaged property, are subordinate to [plaintiff]'s lien").

Plaintiff additionally filed an exhibit listing data trace results showing the alleged judgments against Borrower and the Property. (Docket and Lien Trace, Dkt. 19-5.) This documentary evidence further supports Plaintiff's allegations of nominal liability. *See U.S. Bank, N.A. for LSF9 Master Participation Trust v. Toney*, No. 17-CV-5516 (MKB), 2018 WL 3946506, at *5 (E.D.N.Y. July 13, 2018) (finding pleading sufficient where complaint attached NYDTF documents reflecting that ECB held a lien encumbering the subject property).

I find that because Defendants Home Heating Oil Corp., NYDTF, and ECB were properly served with the Summons and Amended Complaint, but failed to answer or otherwise respond, Plaintiff's allegations with respect to these defendants are conceded. Accordingly, I respectfully recommend that a default judgment be entered against Defendants Home Heating Oil Corp., NYDTF, and ECB and that their interests in the Property, if any, be terminated.

9

### 3. Tenant Defendants

RPAPL § 1311(1) requires a mortgage foreclosure action to include "[e]very person having an estate or interest in possession . . in the property as tenant in fee . . . ." Plaintiff alleges that the Tenant Defendants' potential interest in the Property is limited to their tenancy. (Am. Compl. ¶ 7.) Plaintiff also alleges the Tenant Defendants' interest in the Property, if any, accrued subsequent to, or is adverse to, the lien of the Mortgage. (*Id.* ¶ 8.) Because the Tenant Defendants were properly served with the Summons and Amended Complaint, but failed to answer or otherwise respond, I find that Plaintiff's allegations with respect to the Tenant Defendants are also conceded. Accordingly, I respectfully recommend that a default judgment be entered against Michelle Cardova, Julio Astudillo, and Saranell Cordova and that their interests in the Property, if any, be terminated.

### E. *Damages*

A movant for default judgment must show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at *159. Plaintiff's request for damages is evaluated using "affidavits, documentary evidence, and evidentiary hearings." *Windward Bora LLC*, 2022 WL 14731628, at *9 (internal quotations omitted); *see also Transatlantic Marine Claims Agency v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (rejecting district court's damages calculation when it accepted plaintiff's damages statement at face value without ensuring that the requested damages were appropriate).

Plaintiff seeks damages in the amount of $907,995.13. (Ramer Decl. ¶ 17.)

#### 1. Unpaid Principal

Plaintiff alleges that as of June 6, 2024, the unpaid principal under the Loan Documents is $736,772.01, consisting of an outstanding Interest-Bearing Principal Balance of $519,545.11 and the original Deferred Principal Balance of $217,226.90. (Ramer Decl. ¶ 14.)

Plaintiff submitted the Declaration of John Ramer (Dkt. 38) and a record of payments due on the Loan ("Demand Loan Payoff Chart," Dkt. 38-4). These documents support the requested award of unpaid principal. *See Windward Bora, LLC v. Chazon*, No. 19-CV-3912 (FB)(CLP), 2020 WL 1034362, at *4 (E.D.N.Y. Jan. 8, 2020), *R&R adopted by* 2020 WL 1031532 (E.D.N.Y. Mar. 3, 2020) (relying on Plaintiff's submissions to prove award of principal balance due).

Accordingly, I respectfully recommend that Plaintiff be awarded unpaid principal owed on the Mortgage in the amount of **$736,772.01.**

### 2. Interest

Plaintiff seeks $78,051.21 in accrued interest from September 1, 2021 to June 6, 2024. (Ramer Decl. ¶ 15.) Pursuant to the Loan Modification Agreement, as of January 1, 2020, the Interest-Bearing Principal Balance accrued interest at a rate of 5.43%. (Loan Modification Agreement ¶ 3.) Plaintiff appears to calculate the interest by multiplying the interest-bearing principal of $519,545.11 by 5.43% and dividing that number by 360 days to obtain the per diem interest of $78.36, and then multiplying that number by the number of days that have passed since the date of default. (Ramer Decl. ¶ 15.) I find, however, that the calculation should be based on a calendar year of 365 days. *See Windward Bora*, 2020 WL 1034362, at *4 (finding error in plaintiff's per diem interest rate calculation when plaintiff used 360 days). Substituting 365 days into the same formula above, the per diem interest rate is $77.29.

Accordingly, I respectfully recommend that Plaintiff be awarded **$77,985.61** in interest.

### 3. Other Fees

Plaintiff seeks $6,905.26 in escrow advances (Ramer Decl. ¶ 16), $75,384.85 in unpaid loan charges and additional advances, and $630.80 in late fees. (*Id.* ¶ 17; *see also* Demand Loan Payoff Chart.) Escrow advances refer to funds advanced by Plaintiff to cover disbursements for property taxes and homeowners' insurance on Borrower's behalf. (*See* Pl. Supp. Letter, Dkt. 39.) Unpaid loan charges and additional advances include property inspection fees, out-of-pocket costs and expenses incurred

11

by the loan servicer in performing its servicing obligations. (*Id.*) Late fees cover charges to Borrower for failing to timely make loan payments. (*Id.*)

The Loan Documents entitle Plaintiff to recover these costs and expenses incurred in enforcing the terms of the Loan and protecting the Property. (Mortgage ¶¶ 1, 3(a), 9 ("Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property . . . [Borrower] will pay to Lender any amounts, with interest, which Lender spends under this Section 9"), 14 ("Lender may charge [Borrower] fees for services performed in connection with [Borrower's] default . . . ."); Note ¶ 6(E) ("[T]he Note Holder will have the right to be paid back by [Borrower] for all of its costs and expenses in enforcing this Note . . . ."); Loan Modification Agreement ¶¶ 6, 7(e) ("All costs and expenses incurred by Lender in connection with this Agreement . . . shall be paid by the Borrower . . . .").)

Accordingly, I respectfully recommend that Plaintiff be awarded a total of **$82,920.91** to reflect the amount of these additional damages.

### F.   *Attorneys' Fees and Costs*

"A plaintiff in a foreclosure action may recover attorney's fees and costs against a borrower-defendant if the Note or Mortgage provides for such an award." *Toney*, 2018 WL 3946506, at *6. The Loan Documents permit Plaintiff to recover attorneys' fees and costs. (Mortgage ¶ 14 ("Lender may charge [Borrower] fees for services performed in connection with [Borrower's] default, for the purpose of protecting [Plaintiff's] interest in the Property and rights under this [Mortgage], including, but not limited to, attorneys' fees . . . ."), ¶ 19(c); Note ¶ 6(E).)

Plaintiff seeks to recover fees for services performed in furtherance of this litigation and requests $10,251.00 in attorneys' fees and costs. (Ramer Decl. ¶ 18.)

12

1. **Attorneys' Fees**

Plaintiff requests $6,926.00 in attorneys' fees for work done by an attorney at Hasbani & Light, P.C. District courts have broad discretion to determine the amount of attorneys' fees awarded. *Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV)(VMS), 2016 WL 6585810, at *18 (E.D.N.Y. Sept. 30, 2016), *R&R adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016). The Second Circuit has held that "the lodestar method—the product of a reasonable hourly rate and reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal citation omitted).

The party requesting fees must submit documentation to support its request. *Mahoney*, 2016 WL 6585810, at *18. Plaintiff has submitted the Declaration of Mojdeh Malekan and contemporaneous billing records in support of its requested fees. (*See* "Fees Decl.," Dkt. 35-12; Ex. 2 to Fees Decl.)

    *a)*    *Hourly Rate*

Hasbani & Light, P.C. requests a rate of $210.00 per attorney billable hour and an additional flat fee of $500.00 for one court appearance in the action, totaling $6,926.00. (Fees Decl. at 2; Ex. 2 to Fees Decl.)

Courts determine what constitutes a reasonable hourly rate through application of "the forum rule," which states that "courts should generally use the hourly rates employed in the district in which the reviewing court sits." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotations and citation omitted). Attorneys' fees awarded in the Eastern District of New York for cases concerning mortgages and promissory notes "have tended to be lower than in other cases." *E. Savs. Bank, FSB v. Beach*, No. 13-CV-0341(JS)(AKT), 2014 WL 923151, at *13 (E.D.N.Y. Mar. 10, 2014) (citation omitted) (citing mortgage and promissory note cases awarding partners $250–275 per hour and associates $150–175 per hour).

13

The Fees Declaration attaches contemporaneous time and billing records for legal services performed but includes no information about the experience of the attorney who billed time to this litigation. Therefore, I apply a reasonable hourly rate for an associate and find that $150.00 per hour and $500.00 per court appearance are reasonable rates for this case.

                b)        *Reasonableness of Time Billed*

Plaintiff requests fees for 30.6 hours of work by attorneys at Hasbani & Light, P.C. "To determine whether the number of hours spent by Plaintiff's counsel was reasonable, the Court must 'use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case.'" *Litkofsky v. P & L Acquisitions, LLC*, No. 15-CV-5429 (DRH)(AKT), 2016 WL 7167955, at *10 (E.D.N.Y. Aug. 19, 2016), *R&R adopted*, 2016 WL 7168069 (E.D.N.Y. Dec. 8, 2016) (quoting *Fox. Indus., Inc. v. Gurovich*, No. 03-CV-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005)). Plaintiff submitted contemporaneous time sheets showing work performed in this case from October 6, 2022 to December 18, 2023. (Ex. 2 to Fees Decl.) The time spent on tasks as reflected in the time sheets appears reasonable.

Accordingly, I respectfully recommend that Plaintiff be awarded **$5,090.00** in attorneys' fees.

      **2.**        **Costs**

Plaintiff requests costs for "the title search conducted prior to the commencement of the action and service of process upon the defendants, totaling in $3,325.00." (Fees Decl. at 2.) Plaintiff submits invoices supporting $2,923.00 in costs. (Ex. 3 to Fees Decl.) "[T]he Court can take notice of the filing fee in this District . . . ." *Gao v. Jian Song Shi*, No. 18-CV-2708 (ARR)(LB), 2021 WL 1949275, at *19 (E.D.N.Y. Apr. 30, 2021), *R&R adopted*, 2021 WL 1946322 (E.D.N.Y. May 15, 2021); *see also Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761 (KAM)(SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (taking judicial notice of plaintiff's filing fee).

Accordingly, I respectfully recommend that the Court take judicial notice of the filing fee of

$402.00 and Plaintiffs be awarded **$3,325.00** in costs.

## **CONCLUSION**

Based on the foregoing, I respectfully recommend that: (1) the Motion be granted and default judgment be entered against Defendants; (2) **$906,093.53** be awarded to Plaintiff in damages against Borrower, including **$736,772.01** in unpaid principal, **$77,985.61** in interest, **$82,920.91** in other fees, **$5,090.00** in attorney's fees, and **$3,325.00** in costs; and (3) the Court order the foreclosure and sale of the Property described in the Mortgage, including the mortgaged premises described in the Amended Complaint.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: July 26, 2024
Brooklyn, New York